# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiff, | |
| v. | |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Machado v. Endurance International Group Holdings, Inc., et al.*, Case No. 1:15-cv-11775-GAO (the "Action");

WHEREAS, (a) Lead Plaintiff Christopher Machado and Plaintiff Michael Rubin (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Endurance International Group Holdings, Inc. ("Endurance"), and defendants Hari Ravichandran and Tivanka Ellawala (collectively, the "Individual Defendants"; and, together with Endurance, the "Defendants"; and, together with Endurance and Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 6, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation, a copy of which is attached hereto as Exhibit 1;

WHEREAS, by Order dated January 2, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class and the notice required by the Class Action Fairness Act has been provided;

WHEREAS, the Court conducted a hearing on September 13, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.        **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.        **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 6, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 6, 2018.

3.        **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and/or entities who or which purchased or otherwise acquired Endurance common stock during the period of October 25, 2013 through December 16, 2015, inclusive, including all persons and entities who purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby.  Excluded from the Settlement Class are: (a) Defendants; (b) members of the Immediate Families of each of the Individual Defendants; (c) the subsidiaries and affiliates of Endurance; (d) any person or entity who is, or during the Class Period was, a chief executive officer, executive vice president, senior vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, or controlling person of Endurance; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  [Also excluded

from the Settlement Class are the persons and entities listed on Exhibit 2 hereto, who or which are excluded from the Settlement Class pursuant to request.]

4.   **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.   **Notice** – The Court finds that the dissemination of the Postcard Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United

States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended, and all other applicable law and rules.

6.   **CAFA Notice** – The Claims Administrator timely mailed notice to those required by the Class Action Fairness Act to receive notice of the Settlement and the form of notice and method of providing notice complied with all requirements of CAFA necessary to make the Releases herein binding upon Settlement Class Members.

7.   **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.   The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.   **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and

assigns.  [The persons and entities listed on Exhibit 2 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.   **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)   Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and forever discharged Defendants and the other Defendants' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(t) of the Stipulation).

(b)   Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished,

waived and discharged Plaintiffs and the other Plaintiffs' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Defendants' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs or any of the other Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 2 hereto.]

11.     Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim

that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or any of the other Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)       shall be offered against any of the Plaintiffs or any of the other Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)       shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of

the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 17, 2018, as provided in the Stipulation.

18.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __13th__ day of ___September___, 2019.

/s/ George A. O'Toole, Jr.
_____

The Honorable George A. O'Toole, Jr.
United States District Judge

**Exhibit 1**

**[Stipulation and Agreement of Settlement]**

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiff, | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| v. | |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of July 6, 2018 (the "Stipulation") is entered into between (a) Lead Plaintiff Christopher Machado ("Lead Plaintiff") and Plaintiff Michael Rubin (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Endurance International Group Holdings, Inc. ("Endurance" or the "Company"), and defendants Hari Ravichandran and Tivanka Ellawala (collectively, the "Individual Defendants" and, together with Endurance, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

---

[1]   All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.       On May 4, 2015, Plaintiff Christopher Machado initiated this action by filing a class action complaint in the United States District Court for the District of Massachusetts asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 14 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. 240.10b-5.

B.       By Order dated September 11, 2015, the Court appointed Christopher Machado as Lead Plaintiff and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class.  The Court further approved Lead Plaintiff's selection of Block & Leviton LLP as Liaison Counsel.

C.       On December 8, 2015, Lead Plaintiff filed and served his Amended Class Action Complaint, asserting claims against all Defendants for violations of the federal securities laws.

D.       By Order dated January 22, 2016, the Court granted Lead Plaintiff's assented-to motion for leave to file a second amended complaint.  Lead Plaintiff filed and served his Second Amended Class Action Complaint ("SAC") on March 18, 2016.

E.       On May 17, 2016, Defendants moved to dismiss the SAC.  Lead Plaintiff filed his opposition to Defendants' motion on July 1, 2016, and on August 1, 2016, Defendants filed a reply brief.

F.       By Order dated June 7, 2017, the Court granted Lead Plaintiff's assented-to motion for leave to file a third amended complaint.

G.       On June 30, 2017, Lead Plaintiff and Plaintiff Michael Rubin filed and served their Third Amended Class Action Complaint (the "TAC").  Among other things, the TAC alleged that Defendants published materially false and misleading figures regarding certain non-

GAAP metrics, which misled shareholders with respect to Endurance's growth rate and growth potential.  According to the TAC, the alleged misrepresentations proximately caused class member losses as the accuracy of the non-GAAP metrics became clear and the Company's true growth rate and potential became known.

H.     The TAC alleged both fraud claims under the Exchange Act and non-fraud claims under the Securities Act of 1933 on behalf of persons or entities that purchased or acquired Endurance common stock: (1) pursuant and/or traceable to the Registration Statement and Prospectus (the "Offering Documents") issued in connection with Endurance's initial public offering on October 25, 2013; and/or (2) on the open market between October 25, 2013 and December 16, 2015, inclusive (the "Class Period").

I.     On August 29, 2017, Defendants served a motion to dismiss the TAC.  Plaintiffs served their papers in opposition on October 30, 2017.  On December 14, 2017, Defendants Endurance and Hari Ravichandran filed separate replies in support of dismissal.  Defendant Tivanka Ellawala's reply brief followed on December 15, 2017.

J.     On January 12, 2018, the Parties filed a joint motion requesting that the Court stay proceedings, and not rule on Defendants' motion to dismiss, until after the Parties participated in a mediation before the Honorable Daniel Weinstein (Ret.) of JAMS ("Judge Weinstein").  On February 21, 2018, the Court granted the Parties' motion, stayed the case, and ordered the Parties to inform the Court of the outcome of the mediation no later than March 5, 2018.  The Court subsequently extended the stay—by way of Orders dated March 20, 2018, April 19, 2018, and May 18, 2018—to allow the Parties to continue their discussions with Judge Weinstein.  The Court's May 18, 2018 Order, which is currently operative, granted the Parties request that they

be given until July 6, 2018 to file a motion seeking preliminary approval of a proposed settlement agreement.

K.      In advance of the mediation, Endurance provided Lead Counsel with requested document discovery, which consisted of 40,594 documents, equating to 205,699 pages. Moreover, the Parties exchanged, and provided to Judge Weinstein, detailed mediation statements and exhibits, which addressed the issues of both liability and damages.

L.      On February 23, 2018, the Parties participated in an in-person, all-day mediation before Judge Weinstein.  The matter was not resolved that day, but the Parties continued to negotiate with the assistance of Judge Weinstein over the course of the next several weeks, which culminated in an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on May 17, 2018.  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment on behalf of Endurance of $18,650,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.      This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients, and reflects the final and binding agreement between the Parties.

N.      Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have agreed to settle and release the claims raised in the Action

pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

O.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.   Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and

5

Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, the Action shall be dismissed with prejudice, and all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.　As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)　"Action" means the securities class action in the matter styled *Machado v. Endurance International Group Holdings, Inc., et al*., Case No. 1:15-cv-11775-GAO.

(b)　"Alternate Judgment" means a form of final judgment that may be entered by the Court with the agreement of the Parties that is different from the Judgment attached hereto as Exhibit B.

(c)　"Endurance" means Endurance International Group Holdings, Inc.

(d)　"Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)　"Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f)　"Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member

6

must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)    "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)    "Complaint" means the Third Amended Class Action Complaint filed by Plaintiffs in the Action on June 30, 2017.

(k)    "Court" means the United States District Court for the District of Massachusetts.

(l)    "Defendants" means Endurance and the Individual Defendants.

(m)    "Defendants' Counsel" means Wilmer Cutler Pickering Hale & Dorr LLP, McDermott Will & Emery LLP, and Donnelly, Conroy & Gelhaar, LLP.

(n)    "Defendants' Releasees" means Defendants, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and the respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities of the foregoing, in their capacities as such.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(p)     "Endurance's Counsel" means the law firm of Wilmer Cutler Pickering Hale and Dorr LLP.

(q)     "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow in accordance with the terms of this Stipulation and shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are paid out as provided for in this Stipulation.

(r)     "Escrow Agent" means Huntington National Bank.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)     "Excluded Claims" means (i) any claims relating to the enforcement of the Settlement, (ii) any claims that as of the date hereof are or were asserted in *McGee et al. v. Constant Contact, Inc. et al.*, Case No. 15 Civ. 13114 (MLW) (D. Mass.), and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(u)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, the later of (a) the date of final dismissal of all such appeals, or the final

dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(w) "Individual Defendants" means Hari Ravichandran and Tivanka Ellawala.

(x) "Investment Vehicle" means any investment company, pooled investment fund or customer account of or advised by the Goldman Sachs Group, Inc. or its affiliates ("Goldman"), including but not limited to mutual fund families, exchange-traded funds, funds of funds, and hedge funds, in which Goldman has or may have a direct or indirect interest or as to which its affiliates may act as an investment advisor or custodian but of which Goldman or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(y) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z) "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(aa) "Lead Plaintiff" means Court-appointed Plaintiff Christopher Machado.

(bb)  "Liaison Counsel" means the law firm of Block & Leviton LLP.

(cc)  "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(dd)  "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(ee)  "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(ff)  "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(gg)  "Officer" means any officer as that term is defined in Exchange Act Rule 16a-1(f).

(hh)  "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(ii)  "Plaintiffs" means Lead Plaintiff and Plaintiff Michael Rubin, collectively.

(jj)　"Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including Liaison Counsel, Block & Leviton LLP.

(kk)　"Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and each of the foregoing's predecessors, successors, past, present and future parents, subsidiaries and affiliates, and the respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities of the foregoing, in their capacities as such.

(ll)　"Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(mm)　"Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

(nn)　"Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo)　"Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(pp)  "Released Defendants' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, whether direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(qq)  "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiffs or any other member of the Settlement Class (i) asserted in the Third Amended Class Action Complaint for Violations of the Securities Laws (the "TAC"), or (ii) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the TAC and that relate in any way, directly or indirectly, to the holding, purchase, or sale of Endurance common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims that as of the date hereof are or were asserted in *McGee et al. v. Constant Contact,*

*Inc. et al.*, Case No. 15 Civ. 13114 (MLW) (D. Mass.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(rr)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(ss)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(tt)   "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(uu)   "Settlement Amount" means $18,650,000 in cash.

(vv)   "Settlement Class" means all persons and/or entities who or which purchased or otherwise acquired Endurance common stock during the period of October 25, 2013 through December 16, 2015, inclusive, including all persons and entities who purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby.  Excluded from the Settlement Class are: (I) Defendants; (II) members of the Immediate Families of each of the Individual Defendants; (III) the subsidiaries and affiliates of Endurance; (IV) any person or entity who is, or during the Class Period was, a chief executive officer, executive vice president, senior vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, or controlling person of Endurance; (V) any entity in which any Defendant has a controlling interest; and (VI) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(ww) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(xx) "Settlement Class Period" means the period between October 25, 2013 and December 16, 2015, inclusive.

(yy) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(zz) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(aaa) "Summary Notice" means the Summary Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(bbb) "TAC" means the Third Amended Class Action Complaint for Violations of the Securities Laws filed in this Action on June 30, 2017.

(ccc) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

14

(ddd) "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasees does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class;

(b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within ten (10) business days of execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement ("Preliminary Approval Motion").  Plaintiffs shall cooperate in good faith to address any comments or concerns of the Defendants with respect to the Preliminary Approval Motion. Concurrently with filing the Preliminary Approval Motion, Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order.  Defendants shall not oppose the entry of the Preliminary Approval Order.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Plaintiffs and the other members of the Settlement Class, on behalf of themselves and each of their respective legal representatives, heirs, executors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and forever discharged Defendants and the other Defendants' Releasees, and each of their respective legal

16

representatives, heirs, executors, successors, assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees. This Release shall not apply to any Excluded Claim.

6.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective legal representatives, heirs, executors, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Plaintiffs and the other Plaintiffs' Releasees, and each of their respective legal representatives, heirs, executors, successors, assigns in their capacities as such, of and from each and every Released Defendants' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs or any of the other Plaintiffs' Releasees. This Release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Endurance shall pay or cause to be paid the Settlement Amount into the Escrow Account within the later of thirty (30) calendar days after

(a) preliminary approval or (b) receipt by Endurance and its insurers of all information necessary to permit them to make payment by wire and/or check (payee, tax identification number, wire transfer instructions, and address for physical delivery of a check with the contact person's name and telephone number, and an executed Form W-9 for the recipient of the deposit); provided, however, that Endurance must, no later than two (2) business days after the filing of the Preliminary Approval Motion, provide Lead Counsel for Plaintiffs with the contact information (including email addresses) for the persons to whom the above-noted information is to be provided.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon in the same manner, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or

any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. The Escrow Agreement shall provide that until the Escrow Agent receives joint notification from Lead Counsel and Endurance's Counsel that the Effective Date of the Settlement has occurred, all withdrawal instructions from the Escrow Account, other than the payment of Taxes and Notice and Administrative Costs up to $300,000, shall require a signature from Endurance's Counsel.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants and the other Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account all Notice and Administration Costs reasonably and actually incurred, paid or payable, up to $300,000 without further approval from Defendants or further order of the Court.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial

owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Payment, prior to the Effective Date, of any additional Notice and Administration Costs shall be subject to approval by Endurance, not to be unreasonably withheld. Any dispute concerning whether a failure to provide approval was reasonable shall be submitted to the mediator, Judge Daniel Weinstein (Ret.), whose decision shall be binding upon the Parties. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Endurance or its insurers.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to be jointly and severally liable to make appropriate refunds or repayments to the Settlement Fund (including the net interest that would have been earned if the amounts paid had remained in the Escrow Account) if the

Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Endurance's Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs, nor Lead Counsel, nor Liaison Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Defendants shall take no position with respect to Plaintiffs' Counsel's requested (a) attorneys' fees and expenses, and (b) reimbursement of Plaintiffs' reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class.

17. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants and the other Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18. As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but

not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Endurance's obligation to provide CAFA Notice and its securities holders' records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Plaintiffs' Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.EnduranceSecuritiesLitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Endurance shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the holders of the Endurance common stock during the Settlement Class Period. Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. §

1715, and the identity of those who will receive the CAFA Notice.  The claims administrator

shall, at Defendants' expense, mail the CAFA Notice, and shall submit an affidavit describing

the efforts taken to effect such notice.

20.     The Claims Administrator shall receive Claims and determine first, whether the

Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared

to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of

allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the

Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation

that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may

not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate

court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.

Defendants and the other Defendants' Releasees shall not object in any way to the Plan of

Allocation or any other plan of allocation in this Action.   No Defendant, nor any other

Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility

whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not

be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound

by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the

Alternate Judgment, if applicable, to be entered in the Action and the releases provided for

herein and therein, and will be permanently barred and enjoined from bringing any action, claim,

or other proceeding of any kind against the Defendants and the other Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the

Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendant or any other Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently

barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver in writing by all Parties of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Endurance has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 35 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has with the consent of the Parties entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants and their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.     If (a) Endurance exercises its right to terminate the Settlement as provided in this Stipulation; (b) Plaintiffs exercise their right to terminate the Settlement as provided in this

Stipulation; (c) the Court disapproves the Settlement; or (d) the Effective Date as to the Settlement otherwise fails to occur, then:

(i)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(ii)    Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 17, 2018.

(iii)   The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 36 and 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(iv)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Endurance (or such other persons or entities as Endurance may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Endurance (or such other persons or entities as Endurance may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

34.    It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Endurance shall each have the right to terminate the Settlement and this Stipulation,

by providing written notice of their election to do so ("Termination Notice") to the other Parties

to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary

Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or

any material part thereof; (c) the Court's final refusal to enter the Judgment in any material

respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any

material respect by the United States Court of Appeals for the First Circuit or the United States

Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any

material respect by the United States Court of Appeals for the First Circuit or the United States

Supreme Court, and the provisions of ¶ 33 above shall apply. However, any decision or

proceeding, whether in this Court or any appellate court, with respect to an application for

attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation

shall not be considered material to the Settlement, shall not affect the finality of any Judgment or

Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

     35.    In addition to the grounds set forth in ¶ 34 above, Endurance shall have the

unilateral right to terminate the Settlement in the event that Settlement Class Members timely

and validly requesting exclusion from the Settlement Class meet the conditions set forth in

Endurance's confidential supplemental agreement with Plaintiffs (the "Supplemental

Agreement"), in accordance with the terms of that agreement. Any Settlement Class member

who, as of the date of execution of the Stipulation, has filed an action asserting claims arising out

of or relating to the settled claims will not be included in the calculation of the threshold

termination amount set forth in the Supplemental Agreement. The Supplemental Agreement,

which is being executed concurrently herewith, shall not be filed with the Court and its terms

shall not be disclosed in any other manner (other than the statements herein and in the Notice, to

the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until

the Court otherwise directs or a dispute arises between Plaintiffs and Endurance concerning its

interpretation or application, in which event the Parties shall submit the Supplemental

Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

36.     Neither the Term Sheet, this Stipulation (whether or not consummated), including

the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation

that may be approved by the Court), the negotiations leading to the execution of the Term Sheet

and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet,

this Stipulation and/or approval of the Settlement (including any arguments proffered in

connection therewith):

(a)     shall be offered against any of the Defendants or any of the other

Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any

presumption, concession, or admission by any of the Defendants or any of the other Defendants'

Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim

that was or could have been asserted or the deficiency of any defense that has been or could have

been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or

other wrongdoing of any kind of any of the Defendants or any of the other Defendants'

Releasees or in any way referred to for any other reason as against any of the Defendants or any

of the other Defendants' Releasees, in any civil, criminal or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs or any of the other Plaintiffs'

Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption,

concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.    Endurance warrants that, as to the payments made or to be made by or on behalf of it, at the time of entering into this Stipulation and at the time of such payment it, or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, was/were not insolvent, nor will the payment required to be made by or on behalf of it to its knowledge render it/them insolvent, within the meaning of and/or for the purposes of the United

States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by Endurance and not by Endurance's Counsel.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

40.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants or any of the other Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good

faith by the Parties, including through a mediation process supervised and conducted by Judge Weinstein, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

43.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation

(or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents, and that they have not relied on any such agreements, representations, warranties or inducements in entering into this Stipulation.

47.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

49.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

51.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

      If to Plaintiffs or Lead Counsel:          Glancy Prongay & Murray LLP
                                                  Attn:  Lionel Z. Glancy
                                                  1925 Century Park East, Ste. 2100
                                                  Los Angeles, California 90067
                                                  Telephone:  (310) 201-9150
                                                  Facsimile:  (310) 201-9160
                                                  Email: LGlancy@glancylaw.com

|                            |                                                    |
|----------------------------|----------------------------------------------------|
| If to Endurance:           | Wilmer Cutler Pickering Hale and Dorr LLP          |
|                            | Attn:  William H. Paine                            |
|                            | 60 State Street                                    |
|                            | Boston, MA 02109                                   |
|                            | Telephone:  (617) 526-6000                         |
|                            | Facsimile:  (617) 526-5000                         |
|                            | Email:  William.Paine@wilmerhale.com               |
|                            |                                                    |
| If to Hari Ravichandran:   | McDermott Will & Emery LLP                         |
|                            | Attn:  Mark W. Pearlstein                          |
|                            | 28 State Street, Suite 3400                        |
|                            | Boston, MA 02109                                   |
|                            | Telephone:  (617) 535-4425                         |
|                            | Facsimile:  (617) 535-3800                         |
|                            | Email:  mpearlstein@mwe.com                        |
|                            |                                                    |
| If to Tivanka Ellawala     | Donnelly, Conroy & Gelhaar LLP                     |
|                            | Attn:  Matthew N. Kane                             |
|                            | 260 Franklin Street, Suite 1600                    |
|                            | Boston, MA 02110                                   |
|                            | Telephone:  (617) 720-2880                         |
|                            | Facsimile:  (617) 720-3554                         |
|                            | Email:  mnk@dcglaw.com                             |

55.     Except as otherwise provided herein, each Party shall bear its or his own costs.

56.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

57.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.  Within 30 days of the Effective Date, Plaintiffs shall return or destroy the discovery material produced by Defendants in connection with the mediation.

58.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their

counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 6, 2018.

**GLANCY PRONGAY & MURRAY LLP**

By: */s/ Lionel Z. Glancy*
    Lionel Z. Glancy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email: LGlancy@glancylaw.com

*Lead Counsel for Plaintiffs*
*and the Class*

**BLOCK & LEVITON LLP**

Jason M. Leviton
155 Federal Street, Suite 1303
Boston, Massachusetts 02110
Telephone:  (617) 398-5600
Facsimile:  (617) 507-6020
Email: jason@blockesq.com

*Liaison Counsel for Plaintiffs*
*and the Class*

**WILMER CUTLER PICKERING HALE
AND DORR LLP**


By: */s/ William Paine*
    William Paine
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
Email:  William.Paine@wilmerhale.com

*Counsel for Endurance International Group
Holdings, Inc.*


**MCDERMOTT WILL & EMERY LLP**

By: */s/ Mark W. Pearlstein*
    Mark W. Pearlstein
28 State Street, Suite 3400
Boston, MA 02109
Telephone:  (617) 535-4425
Facsimile:  (617) 535-3800
Email:  mpearlstein@mwe.com

*Counsel for Hari Ravichandran*


**DONNELLY, CONROY & GELHAAR
LLP**

By: */s/ Matthew N. Kane*
    Matthew N. Kane
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554
Email:  mnk@dcglaw.com

*Counsel for Tivanka Ellawala*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Machado v. Endurance International Group Holdings, Inc., et al.*, Case No. 1:15-cv-11775-GAO (the "Action");

WHEREAS, (a) Lead Plaintiff Christopher Machado and Plaintiff Michael Rubin (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Endurance International Group Holdings, Inc. ("Endurance"), and defendants Hari Ravichandran and Tivanka Ellawala (collectively, the "Individual Defendants"; and, together with Endurance, the "Defendants"; and, together with Endurance and Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 6, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of consisting of all persons and/or entities who or which purchased or otherwise acquired Endurance common stock during the period of October 25, 2013 through December 16, 2015, inclusive (the "Settlement Class Period"), including all persons and entities who or which purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby. Excluded from the Settlement Class are: (a) Defendants; (b) members of the Immediate Families of each of the Individual Defendants; (c) the subsidiaries and affiliates of Endurance; (d) any person or entity who is, or during the Class Period was, a chief executive officer, executive vice president, senior vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, or controlling person of Endurance; (e) any entity in which any Defendant

has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Christopher Machado and Plaintiff Michael Rubin are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel Glancy Prongay & Murray LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Block & Leviton LLP shall serve as Liaison Counsel for the Settlement Class.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate

3

to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.   **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 9, 3rd Floor of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.   The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.   **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as

well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the

Settlement Hearing shall be given by Lead Counsel as follows:

       (a)     within ten (10) business days of the date of entry of this Order, Endurance

shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost

to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists

(consisting of names and addresses) for the Endurance common stock during the Settlement

Class Period;

       (b)     not later than twenty (20) business days after the date of entry of this

Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice,

substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential

Settlement Class Members at the addresses set forth in the records provided by Endurance or in

the records which Endurance caused to be provided, or who otherwise may be identified through

further reasonable effort;

       (c)     contemporaneously with the mailing of the Postcard Notice, the Claims

Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

attached hereto as Exhibits 1 and 2, respectively, to be posted on a website to be developed for

the Settlement, from which copies of the Notice and Claim Form can be downloaded;

       (d)     not later than ten (10) business days after the Notice Date, the Claims

Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the

*PR Newswire*; and

       (e)     not later than seven (7) calendar days prior to the Settlement Hearing,

Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

declaration, of such mailing and publication.  Such affidavit or declaration will also reflect that the CAFA Notice was mailed by the Claims Administrator as set forth in paragraph 19 of the Stipulation.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4*, as amended,* and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed, posted online, and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Endurance common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, including, but not limited to, actual receipts for postage.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By

7

submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants and each of the

Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.      **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Machado v. Endurance International Group Holdings, Inc., et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Machado v. Endurance International Group Holdings, Inc., et al.*, Case No. 1:15-cv-11775-GAO"; (iii) state the number of shares of Endurance common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.      Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any

orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of

Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed

Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees

and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no

Settlement Class Member shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for

attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a

written objection with the Court and served copies of such objection on Lead Counsel and

Defendants' Counsel at the addresses set forth below such that they are received no later than

twenty-one (21) calendar days prior to the Settlement Hearing.

|  |  |
|---|---|
| **Lead Counsel** | **Endurance's Counsel** |
| Glancy Prongay & Murray LLP<br>Attn: Lionel Z. Glancy<br>1925 Century Park East, Ste. 2100<br>Los Angeles, California 90067 | Wilmer Cutler Pickering Hale and Dorr LLP<br>Attn: William H. Paine<br>60 State Street<br>Boston, MA 02109 |
| **Mr. Ravichandran's Counsel** | **Mr. Ellawala's Counsel** |
| McDermott Will & Emery LLP<br>Attn: Mark W. Pearlstein<br>28 State Street, Suite 3400<br>Boston, MA 02109 | Donnelly, Conroy & Gelhaar LLP<br>Attn: Matthew N. Kane<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110 |

18.     Any objections, filings and other submissions by the objecting Settlement Class

Member: (a) must state the name, address, and telephone number of the person or entity

objecting and must be signed by the objector; (b) must contain a statement of the Settlement

Class Member's objection or objections, and the specific reasons for each objection, including

any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's

attention; and (c) must include documents sufficient to prove membership in the Settlement

Class, including the number of shares of Endurance common stock that the objecting Settlement

Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants and the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 17, 2018, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants

or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs or the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs or the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs or the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable George A. O'Toole, Jr.
United States District Judge

Exhibit A-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiff, | Hon. George A. O'Toole, Jr. |
| v. | |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if, during the period between October 25, 2013 through December 16, 2015, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Endurance International Group Holdings, Inc. common stock, and you were injured thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Christopher Machado ("Lead Plaintiff") and Plaintiff Michael Rubin (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $18,650,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 6, 2018 (the "Stipulation"), which is available at www.EnduranceSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Endurance, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 82 below).**

1.     **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Endurance International Group Holdings, Inc. ("Endurance"), Hari Ravichandran ("Ravichandran"), and Tivanka Ellawala ("Ellawala")[2] (collectively, the "Defendants") published materially false and misleading figures regarding certain non-GAAP metrics, which misled shareholders with respect to Endurance's growth rate and growth potential. A more detailed description of the Action is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

2.     **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $18,650,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3.     **Estimate of Average Amount of Recovery Per Share or Note:** Based on Plaintiffs' damages expert's estimates of the number of shares of Endurance common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.256. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Endurance common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

---

[2]   Defendants Ravichandran and Ellawala are collectively referred to herein as the "Individual Defendants."

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $33^{1}/_{3}\%$ of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $225,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Endurance common stock, if the Court approves Lead Counsel's fee and expense application, is $0.088 per eligible share.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Lionel Z. Glancy, Esq., of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, California 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2018 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The Settlement? Who Is Included
  In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Are Settlement Class Members Affected By The Action And
  The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Payment Are The Attorneys For The Settlement Class Seeking?

How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Endurance common stock during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.EnduranceSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 73 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Endurance provides web solutions for small businesses, including domains, website builders, web hosting, and other subscription-based and non-subscription-based products and services.  This case involves Defendants' representations concerning Endurance's non-GAAP metrics, including: (a) subscriber count; (b) average revenue per subscriber; (c) products per subscriber; and (d) the number of subscribers paying $500 or more for Endurance's products and services.  Plaintiffs allege that Defendants touted these metrics to create an impression of future

revenue growth, but in fact, certain of the metrics reported by Defendants were misstated and Defendants also omitted data necessary to render their statements not misleading.

12. On May 4, 2015, Plaintiff Christopher Machado initiated this action by filing a class action complaint in the United States District Court for the District of Massachusetts, alleging violations of the federal securities laws and asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 14 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. 240.10b-5.

13. By Order dated September 11, 2015, the Court appointed Christopher Machado as Lead Plaintiff and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class. The Court further approved Lead Plaintiff's selection of Block & Leviton LLP as Liaison Counsel.

14. Following the filing of Lead Plaintiff's first and second amended complaints and motion to dismiss briefing related to the second amended complaint, on June 30, 2017, Lead Plaintiff and Plaintiff Michael Rubin filed and served their Third Amended Class Action Complaint (the "TAC").

15. Among other things, the TAC alleged that Defendants published materially false and misleading figures regarding certain non-GAAP metrics, which misled shareholders with respect to Endurance's growth rate and growth potential. According to the TAC, the alleged misrepresentations proximately caused class member losses as the inaccuracy of the non-GAAP metrics became clear and the Company's true growth rate and potential became known.

16. The TAC alleged both fraud claims under the Exchange Act and non-fraud claims under the Securities Act of 1933 on behalf of persons or entities that purchased or acquired Endurance common stock.

17. On August 29, 2017, Defendants served a motion to dismiss the TAC. Plaintiffs served their papers in opposition on October 30, 2017. On December 14, 2017, Defendants Endurance and Hari Ravichandran filed separate replies in support of dismissal. Defendant Tivanka Ellawala's reply brief followed on December 15, 2017.

18. While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action. They began to discuss the possibility of exploring whether a settlement could be reached through a mediation process. The Parties selected former California Superior and Supreme Court Judge Daniel Weinstein (Ret.) ("Judge Weinstein") as mediator. On January 12, 2018, the Parties filed a joint motion requesting that the Court stay proceedings, and not rule on Defendants' motion to dismiss, until after the Parties participated in a mediation before Judge Weinstein. On February 21, 2018, the Court granted the Parties' motion and stayed the case.

19. In advance of the mediation, Endurance provided Lead Counsel with requested document discovery, which consisted of 40,594 documents, equating to 205,699 pages. Moreover, the Parties exchanged, and provided to Judge Weinstein, detailed mediation statements and exhibits addressing the issues of both liability and damages.

20. On February 23, 2018, the Parties participated in an in-person, all-day mediation before Judge Weinstein. The matter was not resolved that day, but the Parties continued to negotiate with the assistance of Judge Weinstein over the course of the next several weeks, which

culminated in an agreement in principle to settle the Action. Among other things, Plaintiffs agreed to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $18,650,000 for the benefit of the Settlement Class.

21.   Based upon their investigation, prosecution and mediation of the case, and their review of documents produced by Defendants, Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter, and with the advice of counsel, Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

22.   Defendants are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

23.   On _____, 20__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

24.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and/or entities who or which purchased or otherwise acquired Endurance common stock during the period of October 25, 2013 through December 16, 2015, inclusive, including all persons and entities who purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby.

Excluded from the Settlement Class are: (a) Defendants; (b) members of the Immediate Families of each of the Individual Defendants; (c) the subsidiaries and affiliates of Endurance; (d) any person or entity who is, or during the Class Period was, a chief executive officer, executive vice president, senior vice president, chief financial officer, principal accounting officer (or if there is

no such accounting officer, the controller), director, or controlling person of Endurance; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion, in accordance with the requirements set forth in this Notice, that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [ ] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.EnduranceSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____, 20 _____.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

25.   Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Plaintiffs and Lead Counsel also recognize that Defendants have numerous avenues of attack that could preclude a recovery as to Defendants' allegedly false and misleading statements. For example, Defendants would assert that the statements were not false, material, or made with the requisite state of mind to support the securities fraud claim alleged. Even if those hurdles to establishing liability were overcome, Defendants would assert that the statements at issue did not cause a loss and would hotly contest the existence and amount of any damages that could be attributed to the allegedly false statements. To receive any recovery, Plaintiffs would have to prevail at several stages, including overcoming Defendants' motion to dismiss and likely Defendants' motions for summary judgment. If Plaintiffs' claims made it to trial and Plaintiffs prevailed, appeals would likely follow. Thus, there were significant risks attendant to the continued prosecution of the Action.

26.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel also believe that the Settlement provides a substantial benefit to the Settlement Class, namely $18,650,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

27.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed

to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.  If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in their motion to dismiss or proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29.  As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" on page ___ below.

30.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page ___ below.

31.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

32.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 33 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees.

33.  "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or

Unknown Claims, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiffs or any other member of the Settlement Class (a) asserted in the TAC, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the TAC and that relate in any way, directly or indirectly, to the holding, purchase, or sale of Endurance common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (a) any claims relating to the enforcement of the Settlement; (b) any claims that as of the date hereof are or were asserted in *McGee et al. v. Constant Contact, Inc. et al.*, Case No. 15 Civ. 13114 (MLW) (D. Mass.); and (c) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34. "Defendants' Releasees" means Defendants, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities of the foregoing, in their capacities as such.

35. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Plaintiffs and the other

Plaintiffs' Releasees (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37.  "Released Defendants' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known claims or Unknown Claims, whether direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.  "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and each of the foregoing's predecessors, successors, past, present and future parents, subsidiaries and affiliates, and the respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, servants, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities of the forgoing, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

39.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2018**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.EnduranceSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-747-6675.  Please retain all records of your ownership of and transactions in Endurance common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid $18,650,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement

Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

44.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Defendants and the Defendants' Releasees (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants or the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Endurance common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Endurance common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Endurance common stock during the Settlement Class Period and were injured as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

50.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51.   The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period during which Plaintiffs allege corrective information was entering the market place.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts between October 25, 2013 through and including December 16, 2015, which had the effect of artificially inflating the prices of Endurance common stock.  The estimated artificial inflation in Endurance common stock is shown in Table A set forth at the end of this Notice.

52.   In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Endurance common stock.  Plaintiffs allege that corrective disclosures removed artificial inflation from the price of Endurance common stock on April 28, 2015, August 3 and 4, 2015, November 2, 2015, and December 17, 2015.

53.   To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.   Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Endurance common stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

For shares of Endurance common stock purchased or otherwise acquired between October 25, 2013 (including shares purchased pursuant and/or traceable to the registration statement for Endurance's October 25, 2013 Initial Public Offering) through December 16, 2015, inclusive, and:

    A.    Sold between October 25, 2013 and December 16, 2015, the Recognized Loss shall be that number of shares multiplied by the lesser of:

        (1)    the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

(2)     the difference between the purchase price per share and the sales price per share.

B.     Sold between December 17, 2015 and March 15, 2016, the Recognized Loss shall be the lesser of:

(1)     the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)     the difference between the purchase price per share and the sales price per share; or

(3)     the difference between the purchase price per share and the average closing price between December 17, 2015 and the date of sale, as found in Table B.

C.     Held at the end of trading on March 15, 2016, the Recognized Loss shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)     the difference between the purchase price per share and $10.05.[3]

---

[3] The relevant statutory provisions are as follows:

Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, provides that "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Endurance common stock during the 90-day look-back period. The mean (average) closing price of Endurance common stock during the 90-day look-back period beginning on December 17, 2015 and ending on March 15, 2016 was $10.05 per share.

## **ADDITIONAL PROVISIONS**

55.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 58 below) is $10.00 or greater.

56.     If a Settlement Class Member has more than one purchase/acquisition or sale of Endurance common stock, all of that Settlement Class Member's purchases/acquisitions and sales of Endurance common stock shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

57.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for Endurance common stock.

58.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.   Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.   If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

59.     Purchases or acquisitions and sales of Endurance common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Endurance common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Endurance common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Endurance common stock unless: (a) the donor or decedent purchased or otherwise acquired such Endurance common stock during the Settlement Class Period; (b) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Endurance common stock; and (c) it is specifically so provided in the instrument of gift or assignment.

60.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Endurance common stock.   The date of a "short sale" is deemed to be the date of sale of the Endurance common stock.   Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.   In the event that a Claimant has an opening short position in Endurance common stock, the earliest Settlement Class Period purchases or acquisitions of that stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

61.     Option contracts are not eligible to participate in the Settlement.   With respect to Endurance common stock purchased or sold through the exercise of an option contract, the purchase or sale date of the Endurance common stock is the exercise date of the option and the purchase or sale price of the Endurance common stock is the exercise price of the option.

62.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Endurance common stock during the Settlement Class Period, the value of the

Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Endurance common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

63.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Endurance common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Total Holding Value.[6] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Endurance common stock during the Settlement Class Period.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Endurance common stock purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Endurance common stock during the Settlement Class Period, first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Endurance common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a holding value to Endurance common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on December 16, 2015, which shall be the December 17, 2015 Closing Price set forth on the Appendix to this Notice.  The total calculated holding values for all Endurance common stock shall be the Claimant's "Total Holding Value."

65. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

66. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.EnduranceSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

67. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed $33^{1}/_{3}\%$ of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $225,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

68. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Machado v. Endurance International Group Holdings, Inc., et al.*, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111 The exclusion request must be ***received*** no later than _____, 2018. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the

Settlement Class in *Machado v. Endurance International Group Holdings, Inc., et al.*, Case No. 1:15-cv-11775-GAO"; (c) identify and state the number of Endurance common stock shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 25, 2013 and December 16, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

70. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

71. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

72. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

73. The Settlement Hearing will be held on _____, 2018 at \_\_\_:\_\_\_ .m., before the Honorable George A. O'Toole, Jr. at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, Courtroom 9, 3rd Floor, 1 Courthouse Way, Boston, Massachusetts 02210. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

74. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below on or before _____, 2018. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2018**.

| **Clerk's Office** | **Lead Counsel** | **Endurance's Counsel** |
|---|---|---|
| United States District Court District of Massachusetts Clerk of the Court United States Courthouse 1 Courthouse Way Boston, MA 02210 | **Glancy Prongay & Murray LLP** Lionel Z. Glancy, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Wilmer Cutler Pickering Hale and Dorr LLP** William Paine, Esq. 60 State Street Boston, MA 02109 |

| **Mr. Ravichandran's Counsel** | **Mr. Ellawala's Counsel** |
|---|---|
| **McDermott Will & Emery LLP** Mark W. Pearlstein 28 State Street, Suite 3400 Boston, MA 02109 | **Donnelly, Conroy & Gelhaar LLP** Matthew N. Kane 260 Franklin Street, Suite 1600 Boston, MA 02110 |

75.  Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Endurance common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 25, 2013 and December 16, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is **received on or before _____, 2018**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

78.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at

your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 74 above so that the notice is *received* **on or**            **, 2018**.

79. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

80. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

81. If you purchased or otherwise acquired Endurance common stock between October 25, 2013 and December 16, 2015, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Machado v. Endurance International Group Holdings, Inc., et al.*, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, including, but not limited to, actual receipts for postage. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.EnduranceSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-833-747-6675.

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.Endurance SecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims

Administrator or Lead Counsel at:

| *Machado v. Endurance International Group Holdings, Inc., et al.*<br>c/o JND Legal Administration<br>P.O. Box 91346<br>Seattle, WA 98111<br>833-747-6675<br>www.EnduranceSecuritiesLitigation.com | and/or | Lionel Z. Glancy, Esq.<br>GLANCY PRONGAY &<br>MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(888) 773-9224<br>settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
District of Massachusetts

# APPENDIX

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 10/25/2013 – 04/27/2015 | $ 10.84 |
| 04/28/2015 | $  8.49 |
| 04/29/2015 – 08/03/2015 | $  7.28 |
| 08/04/2015 | $  4.94 |
| 08/05/2015 – 10/30/2015 | $  4.08 |
| 10/31/2015 – 12/16/2015 | $  1.63 |

**Table B**

| Date of Sale | Average Closing Price Between 12/17/2015 and Date of Sale | Date of Sale | Average Closing Price Between 12/17/2015 and Date of Sale |
|---|---|---|---|
| 12/17/2015 | $11.21 | 02/02/2016 | $10.15 |
| 12/18/2015 | $11.16 | 02/03/2016 | $10.10 |
| 12/21/2015 | $11.07 | 02/04/2016 | $10.06 |
| 12/22/2015 | $11.10 | 02/05/2016 | $10.02 |
| 12/23/2015 | $11.17 | 02/08/2016 | $9.96 |
| 12/24/2015 | $11.24 | 02/09/2016 | $9.90 |
| 12/28/2015 | $11.21 | 02/10/2016 | $9.84 |
| 12/29/2015 | $11.20 | 02/11/2016 | $9.79 |
| 12/30/2015 | $11.19 | 02/12/2016 | $9.75 |
| 12/31/2015 | $11.16 | 02/16/2016 | $9.71 |
| 01/04/2016 | $11.12 | 02/17/2016 | $9.70 |
| 01/05/2016 | $11.05 | 02/18/2016 | $9.72 |
| 01/06/2016 | $10.98 | 02/19/2016 | $9.73 |
| 01/07/2016 | $10.90 | 02/22/2016 | $9.75 |
| 01/08/2016 | $10.83 | 02/23/2016 | $9.77 |
| 01/11/2016 | $10.77 | 02/24/2016 | $9.79 |
| 01/12/2016 | $10.71 | 02/25/2016 | $9.81 |
| 01/13/2016 | $10.67 | 02/26/2016 | $9.84 |
| 01/14/2016 | $10.65 | 02/29/2016 | $9.87 |
| 01/15/2016 | $10.62 | 03/01/2016 | $9.89 |
| 01/19/2016 | $10.58 | 03/02/2016 | $9.93 |
| 01/20/2016 | $10.52 | 03/03/2016 | $9.96 |
| 01/21/2016 | $10.47 | 03/04/2016 | $9.98 |
| 01/22/2016 | $10.44 | 03/07/2016 | $10.01 |
| 01/25/2016 | $10.39 | 03/08/2016 | $10.02 |
| 01/26/2016 | $10.36 | 03/09/2016 | $10.03 |
| 01/27/2016 | $10.31 | 03/10/2016 | $10.03 |
| 01/28/2016 | $10.26 | 03/11/2016 | $10.04 |
| 01/29/2016 | $10.23 | 03/14/2016 | $10.05 |
| 02/01/2016 | $10.20 | 03/15/2016 | $10.05 |

**Endurance Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91346**
**Seattle, WA  98111**
**Toll-Free Number: (833) 747-6675**
**Email: info@EnduranceSecuritiesLitigation.com**
**Settlement Website: www.EnduranceSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than      , 2018**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ENDURANCE COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                              Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                              Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

# PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Certification of Settlement Class; (II) Proposed Settlement with Defendants; (III) Settlement Hearing; and (IV) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases provided therein and provided for herein.

2. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page ___ of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Endurance International Group Holdings, Inc. ("Endurance") common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Endurance common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5. <u>Please note</u>: Only Endurance common stock purchased during the Settlement Class Period (*i.e.*, from October 25, 2013 through December 16, 2015, inclusive) is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Endurance common stock during the period from December 17, 2015 through March 15, 2016, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Endurance common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information

Page 3

found in a broker confirmation slip or account statement. The Settling Parties, Endurance, and the Claims Administrator do not independently have information about your investments in Endurance common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased Endurance common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased Endurance common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Endurance common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Endurance common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@EnduranceSecuritiesLitigation.com, or by toll-free phone at (833) 747-6675, or you can visit the Settlement website, www.EnduranceSsecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.EnduranceSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at EDUSecurities@JNDLA.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at EDUSecurities@JNDLA.com to inquire about your file and confirm it was received and acceptable.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (833) 747-6675.**

## PART III – SCHEDULE OF TRANSACTIONS IN ENDURANCE COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Endurance common stock.

| **1. HOLDINGS AS OF October 25, 2013** – State the total number of shares of Endurance common stock held as of the opening of trading on October 25, 2013. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| --- | --- |

**2. PURCHASES/ACQUISITIONS FROM October 25, 2013 THROUGH December 16, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Endurance common stock from after the opening of trading on October 25, 2013 through and including the close of trading on December 16, 2015. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| --- | --- | --- | --- | --- |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| **3. PURCHASES/ACQUISITIONS FROM December 17, 2015 THROUGH March 15, 2016** – State the total number of shares of Endurance common stock purchased/acquired (including free receipts) from after the opening of trading on December 17, 2015 through and including the close of trading on March 15, 2016. If none, write "zero" or "0."[2] _____ |
| --- |

**4. SALES FROM October 25, 2013 THROUGH March 15, 2016** – Separately list each and every sale/disposition (including free deliveries) of Endurance common stock from after the opening of trading on October 25, 2013 through and including the close of trading on March 15, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| --- | --- | --- | --- | --- |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Endurance common stock from after the opening of trading on December 17, 2015 through and including the close of trading on March 15, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| / / | | $ | $ | ○ |
|---|---|---|---|---|
| **5. HOLDINGS AS OF March 15, 2016 –** State the total number of shares of Endurance common stock held as of the close of trading on March 15, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br>○ |

> **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE ▒▒ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and forever discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and each of their legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Endurance common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Endurance common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                        Date

_____

Print your name here

_____

Signature of joint claimant, if any                                                                    Date

_____

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                                       Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page __ of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (833) 747-6675.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@EnduranceSecuritiesLitigation.com, or by toll-free phone at (833) 747-6675, or you may visit www.EnduranceSecuritiesLitigation.com.  Please DO NOT call Endurance or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN XXXXXX**, ADDRESSED AS FOLLOWS:

Endurance Securities Litigation
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA  98111
(833) 747-6675
www.EnduranceSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before XXXXX is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiffs, | |
| v. | |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and/or entities who or which purchased or otherwise acquired Endurance International Group Holdings, Inc. ("Endurance") common stock during the period of October 25, 2013 through December 16, 2015, inclusive, including all persons and entities who or which purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $18,650,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable George A. O'Toole, Jr. at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, Courtroom 9, 1 Courthouse Way, Boston, Massachusetts 02210, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 6, 2018 ("Stipulation") (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.EnduranceSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Endurance Securities Class Action Litigation*, c/o JND Legal Administration, P.O. Box 91346, Seattle, WA 98111, 1-833-747-6675.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2018.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.

All capitalized words and terms not defined in this notice shall have the meanings stated in the Stipulation, which can be downloaded from www.EnduranceSecuritiesLitigation.com.

**Please do not contact the Court, the Clerk's office, Endurance, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Endurance Securities Class Action Litigation*
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111
833-747-6675
www.EnduranceSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Attn: Lionel Z. Glancy, Esq.
1925 Century Park East, Suite 2100
Los Angeles, California 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

Exhibit A-4

Machado v. Endurance International Group
Holdings, Inc., et al.
c/o JND Legal Administration
P.O. Box 91346
Seattle, WA 98111

**[Postage Prepaid]**

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class
Action Settlement.**

**You may be entitled to a CASH payment.
This Notice may affect your legal rights.
Please read it carefully.**

Name
Address
City, State
Zip

Machado v. Endurance International Group
Holdings, Inc., et al.
Case No. 1:15-cv-11775-GAO

---

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTION SETTLEMENT.
PLEASE VISIT WWW.ENDURANCESECURITIESLITIGATION.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Endurance International Group Holdings, Inc. ("Endurance") and certain executives and directors of Endurance (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about certain non-GAAP metrics, which misled shareholders as to Endurance's growth rate and potential, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Endurance common stock between October 25, 2013 and December 16, 2015, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $18,650,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.EnduranceSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Endurance common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.256 per eligible security before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www.EnduranceSecuritiesLitigation.com or will be mailed to you upon request to the Claims Administrator (833-747-6675). **Claim Forms must be postmarked by _____.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to $33^{1}/_{3}$% of the Settlement Fund in attorneys' fees, plus actual expenses for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to exceed $225,000. Estimates of the average cost per affected share of Endurance common stock, if the Court approves Lead Counsel's fee and expense application, is $0.088 per eligible share. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (833-747-6675) or visit the website www.EnduranceSecuritiesLitigation.com and read the detailed Notice.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER MACHADO, and MICHAEL RUBIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:15-cv-11775-GAO |
| Plaintiff, | **JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| ENDURANCE INTERNATIONAL GROUP HOLDINGS, INC., HARI RAVICHANDRAN, and TIVANKA ELLAWALA, | |
| Defendants. | |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Machado v. Endurance International Group Holdings, Inc., et al.*, Case No. 1:15-cv-11775-GAO (the "Action");

WHEREAS, (a) Lead Plaintiff Christopher Machado and Plaintiff Michael Rubin (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Endurance International Group Holdings, Inc. ("Endurance"), and defendants Hari Ravichandran and Tivanka Ellawala (collectively, the "Individual Defendants"; and, together with Endurance, the "Defendants"; and, together with Endurance and Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 6, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted

against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation, a copy of which is attached hereto as Exhibit 1;

WHEREAS, by Order dated _____ __, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class and the notice required by the Class Action Fairness Act has been provided;

WHEREAS, the Court conducted a hearing on _____ __, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on July 6, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 6, 2018.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and/or entities who or which purchased or otherwise acquired Endurance common stock during the period of October 25, 2013 through December 16, 2015, inclusive, including all persons and entities who purchased or otherwise acquired Endurance common stock pursuant and/or traceable to the registered public offering conducted on or about October 25, 2013, and who were injured thereby.  Excluded from the Settlement Class are: (a) Defendants; (b) members of the Immediate Families of each of the Individual Defendants; (c) the subsidiaries and affiliates of Endurance; (d) any person or entity who is, or during the Class Period was, a chief executive officer, executive vice president, senior vice president, chief financial officer, principal accounting officer (or if there is no such accounting officer, the controller), director, or controlling person of Endurance; (e) any entity in which any Defendant has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded party; provided, however, that any Investment Vehicle shall not be excluded from the Settlement Class.  [Also excluded

from the Settlement Class are the persons and entities listed on Exhibit 2 hereto, who or which
are excluded from the Settlement Class pursuant to request.]

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil
Procedure, and for the purposes of the Settlement only, the Court hereby affirms its
determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives
for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.
Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in
terms of litigating the Action and for purposes of entering into and implementing the Settlement
and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g),
respectively.

5.      **Notice** – The Court finds that the dissemination of the Notice and the publication
of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval
Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice
that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of
(i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases
to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and
reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement,
the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of
Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi)
their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient
notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e)
satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1 and 78u-4, as amended, and all other applicable law and rules.

6. **CAFA Notice** – The Claims Administrator timely mailed notice to those required by the Class Action Fairness Act to receive notice of the Settlement and the form of notice and method of providing notice complied with all requirements of CAFA necessary to make the Releases herein binding upon Settlement Class Members.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and

assigns.  [The persons and entities listed on Exhibit 2 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.  **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)  Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and forever discharged Defendants and the other Defendants' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Plaintiffs' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(t) of the Stipulation).

(b)  Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished,

waived and discharged Plaintiffs and the other Plaintiffs' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Defendants' Claim, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs or any of the other Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 2 hereto.]

11.     Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim

7

that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or any of the other Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs or any of the other Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of

8

the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.     **<u>Modification of the Agreement of Settlement</u>** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17.     **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 17, 2018, as provided in the Stipulation.

9

18.      **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable George A. O'Toole, Jr.
United States District Judge

**Exhibit 1**

**[Stipulation and Agreement of Settlement]**

**Exhibit 2**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

**Exhibit 2**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**